UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LAMOUNT GREEN,

                              Petitioner,

                v.                                  9:13-CV-0016 (GLS)

WILLIAM HAGGETT,

                              Respondent.

---

APPEARANCES:                                OF COUNSEL

LAMOUNT GREEN
08-A-4432
Petitioner, pro se
Coxsackie Correctional Facility
Box 999
Coxsackie, NY 12051

HON. ERIC T. SCHNEIDERMAN          JOANNA R. HERSHEY, AAG.
New York State Attorney General
Attorney for Respondent
120 Broadway
New York, NY 10271

GARY L. SHARPE
Chief United States District Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

      Petitioner Lamount Green, appearing pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, along with supporting papers and exhibits. Dkt. No. 1, Petition ("Pet.") at 2; Dkt. No. 1-2, Declaration Under Penalty of Perjury of Lamount Green ("Dec."); Dkt. No. 1-3, Exhibits A-C; Dkt. No. 1-4, Memorandum of Law ("Mem."). Respondent filed an

answer to the petition and the relevant state court records, and petitioner has filed a reply. Dkt. No. 16, Answer; Dkt. No. 16-1, Memorandum of Law in Opposition to Petition for a Writ of Habeas Corpus ("R. Mem."); Dkt. No. 17, State Court Records; Dkt. No. 21, Petitioner's Reply to Respondent's Opposition to Petition for a Writ of Habeas Corpus ("Reply").

For the reasons that follow, the petition is denied and dismissed.

## II. BACKGROUND

Petitioner challenges a 2008 judgment of conviction in Albany County Court, following a non-jury trial, of second degree criminal possession of a weapon (N.Y. Penal Law §265.03(3)). Pet. at 2; R. Mem. at 1. The Appellate Division, Third Department, briefly summarized the facts of this case:

> Police in the City of Albany stopped an automobile that had been reported stolen and ordered its three occupants, including [petitioner] who was in the front passenger seat, out of the vehicle. The vehicle was then searched and a loaded semiautomatic .380 caliber handgun was recovered beneath a mat on the floor in front of the back seat. [Petitioner], who was wearing a bulletproof vest, was arrested and charged with criminal possession of a weapon in the second degree and unauthorized use of a motor vehicle in the third degree. After a nonjury trial, County Court found [petitioner] guilty of criminal possession of a weapon in the second degree[.]

*People v. Green*, 84 A.D.3d 1499, 1500 (3d Dep't. 2011). The specific facts are known to the parties and will be repeated only to the extent necessary to address petitioner's claims.

Prior to sentencing, petitioner moved to set aside the verdict pursuant to New York Criminal Procedure Law ("CPL") §330.30. He claimed that a post-verdict affidavit from his co-defendant, Phillip Wilson, would have changed the outcome of his trial. Dkt. No. 17-3, Affirmation/Memorandum of Law, at 1-3; *see* Dkt. No. 1-3, Exhibit C, Wilson affidavit. Specifically, petitioner stated that in the Wilson affidavit, signed two weeks after petitioner

2

was found guilty, Wilson stated the gun was his alone and that petitioner had no knowledge of its existence before the Albany Police Department found it. Dkt. No. 17-3, Affirmation/Memorandum of Law, at 1-3. Petitioner argued that the Wilson affidavit would have negated the presumption that all occupants of the vehicle equally possessed the gun. *Id.* at 3. He also argued that since Wilson was under indictment for possessing the same gun, but had not yet been tried at the time of petitioner's trial, Wilson's affidavit could not have been produced before Wilson pled guilty. *Id.* at 3-4.

On August 13, 2008, the trial court denied the motion, finding that the Wilson affidavit could have been obtained with due diligence prior to petitioner's trial, and the affidavit "merely contradict[ed] the compelling evidence introduced at the trial." Dkt. No. 17-3, Decision and Order, Herrick, J., Aug. 13, 2008 at 2. Petitioner was sentenced, as a second felony offender, to serve 12½ years in prison, followed by five years of postrelease supervision. *Green*, 84 A.D.3d at 1500; Dkt. No. 17-19, Sentencing Tr., Aug. 13, 2008 at 7-8.[1]

Petitioner appealed to the Appellate Division, Third Department, arguing: (1) the evidence was insufficient because the prosecutor did not prove that petitioner possessed the gun outside his home or business; and (2) the trial court erred when it introduced into evidence a photograph of petitioner wearing a bullet proof vest. Dkt. No. 17-1, Brief and Appendix at 3-9. The Appellate Division ruled that petitioner failed to preserve his legal sufficiency claim because it was not raised in his "motion to dismiss[.]" *Green*, 84 A.D.3d at 1500. The court rejected petitioner's claim that he was deprived of a fair trial by the admission into evidence of the photograph because petitioner was not tried by a jury, and the

---

[1] The Appellate Division's statement that petitioner was sentenced to serve 12 years in prison followed by five years post-release supervision appears to be a typographical error. *Green*, 84 A.D.3d at 1500.

3

trial judge, "by reasons of . . . learning, experience and judicial discipline, is uniquely capable of distinguishing the issues and of making an objective determination based upon appropriate legal criteria, even if presented with evidence which should not have been admitted." *Id.* at 1500 (citations and internal quotation marks omitted). Finally, the Appellate Division ruled that the photograph, along with petitioner's statement to police that he "could have made it ugly [and] could have gone out and started shooting," was relevant to establish that petitioner "knew a loaded firearm was in the vehicle." *Id.* at 1500-1501. The New York Court of Appeals denied leave to appeal on November 7, 2011, and denied reconsideration on March 13, 2012. *Green*, 17 N.Y.3d 953 (2011), *recon. den.* 18 N.Y.3d 958 (2012).

Petitioner filed a writ of error coram nobis, dated March 23, 2012, in which he argued appellate counsel failed to: (1) present the Appellate Division with proof that petitioner preserved his legal sufficiency claim; and (2) argue that the trial court improperly denied petitioner's CPL §330.30 motion without holding an evidentiary hearing. Dkt. No. 17-11, Notice of Motion for a Petition for a Writ of Error Coram Nobis with Supporting Affidavit ("Writ"). On May 18, 2012, the Appellate Division denied the writ, and on December 27, 2012, the New York Court of Appeals denied leave to appeal. Dkt. No. 17-12, Decision and Order on Motion; Dkt. No. 17-13, Order Denying Leave.

Petitioner also filed a motion to vacate his conviction pursuant CPL §440.10 in the Albany County Court, in which he argued that the People failed to prove he did not possess the gun in his home or place of business. Dkt. No. 17-14, Affidavit in Support of Motion to Vacate Judgment, at 2-4. The People opposed the motion. Dkt. No. 17-15, Affirmation in Opposition. On August 20, 2012, the Albany County Court denied the motion pursuant to CPL §440.10(2)(a) because the claim was previously heard on direct appeal. Dkt. No. 17-16,

Decision and Order, Herrick, J., Aug. 20, 2012. The Appellate Division denied leave to appeal on November 19, 2012. Dkt. No. 17-18, Decision, Spain, J., Nov. 19, 2012.

### III.     THE PETITION

Petitioner raises the following grounds for habeas relief: the evidence was legally insufficient, and he is innocent, because the People failed to plead or prove that he possessed the gun outside his home or business (Grounds One and Four); the trial court erred by denying his CPL §330.30 motion without conducting an evidentiary hearing based on the Wilson affidavit (Ground Two); and appellate counsel was ineffective (Ground Three). Pet. at 5-6; Dec. at 1-7; Dkt. No. 1-3, Exhibits; Mem. at 1-16.

### IV.     DISCUSSION

#### A.     Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas corpus relief with respect to a claim adjudicated on the merits in state court only if, based upon the record before the state court, the state court's decision: (1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. §§ 2254(d)(1), (2); *Cullen v. Pinholster*,     U.S.    , 131 S. Ct. 1388, 1398, 1400 (2011); *Premo v. Moore*,     U.S.   , 131 S. Ct. 733, 739 (2011); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). This standard is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt." *Felkner v. Jackson*,     U.S.    , 131 S. Ct. 1305,

1307 (2011) (per curiam) (quoting *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotation marks omitted)).

The Supreme Court has repeatedly explained that "a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that 'there is no possibility fairminded jurists could disagree that the state court's decision conflicts with th[e Supreme] Court's precedents.'" *Nevada v. Jackson*, ___ U.S. ___, 133 S. Ct. 1990, 1992 (2013) (per curiam) (quoting *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 786 (2011)); *see Metrish v. Lancaster*, ___ U.S. ___, 133 S. Ct. 1781, 1787 (2013) (explaining that success in a habeas case premised on § 2254(d)(1) requires the petitioner to "show that the challenged state-court ruling rested on 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'") (quoting *Richter*, 131 S. Ct. at 786-87)).

Additionally, AEDPA foreclosed "'using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts.'" *Parker v. Matthews*, ___ U.S. ___, 132 S. Ct. 2148, 2149 (2012) (per curiam) (quoting *Renico,* 559 U.S. at 779). A state court's findings are not unreasonable under § 2254(d)(2) simply because a federal habeas court reviewing the claim in the first instance would have reached a different conclusion. *Wood v. Allen*, 558 U.S. 290, 301 (2010). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable - a substantially higher threshold." *Schriro*, 550 U.S. at 473. Finally, federal habeas courts must presume that the state courts' factual findings are correct unless a petitioner rebuts that presumption with "'clear and convincing evidence.'" *Id.* at 473-74 (quoting § 2254(e)(1)).

6

### B. Sufficiency of the Evidence

Petitioner argues in Grounds One and Four of his petition, as he did on direct appeal, that the evidence was insufficient to prove his guilt because the People failed to prove that he did not possess the gun in his home or place of business. Pet. at 5-6; Mem. at 2-6; 9-16.

The Appellate Division rejected petitioner's sufficiency claim because he "never made this argument before County Court in his motion to dismiss and, thus, has not preserved this issue for appellate review." *Green*, 84 A.D.3d at 1500. Though the court did not explicitly cite to the statute, its holding and the cases to which it cited refer to New York's procedural requirement that errors of law be preserved by objection or protest at the time of the challenged ruling, or "at any subsequent time when the court had an opportunity of effectively changing" the ruling. CPL §470.05(2). Respondent argues that petitioner's sufficiency claim is barred by an adequate and independent state court finding of default because the Appellate Division relied upon the preservation rule to preclude review of that claim. R. Mem. at 14-16. This court agrees.

Federal habeas review of a state court's application of its own rules is deferential and is focused on whether the challenged ruling "falls within the state's usual practice and is justified by legitimate state interests, not whether the state court ruling was correct." *Downs v. Lape*, 657 F.3d 97, 101 (2d Cir. 2011). Substantive review of a habeas claim is prohibited if the state court rested its decision on "a state-law ground that 'is independent of the federal question and adequate to support the judgment.'" *Cone v. Bell*, 556 U.S. 449, 465 (2009) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)).

In this case, the Appellate Division's ruling that petitioner failed to preserve his sufficiency claim "for appellate review constitutes a state ground that is indisputably

7

independent" of the constitutional question of whether the evidence was sufficient. *Downs*, 657 F.3d at 102. The Second Circuit has "held repeatedly that the contemporaneous objection rule is a firmly established and regularly followed New York procedural rule." *Downs*, 657 F.3d at 104 (citations omitted). Petitioner argues, however, that the Appellate Division's application of the preservation rule was inadequate, exorbitant and serves no legitimate state interest. Reply at 14-18. This court must therefore determine whether the state procedural ground is adequate to preclude federal habeas review in this case. *Lee v. Kemna*, 534 U.S. 362, 375 (2002) (stating that the adequacy of a state procedural bar "'is itself a federal question.'") (quoting *Douglas v. Alabama*, 380 U.S. 415, 422 (1965); *Downs*, 657 F.3d at 102 (citing *Walker v. Martin*, U.S. , 131 S. Ct. 1120, 1127 (2011)).

To assess adequacy, this court must examine whether the state court's application of the procedural rule constitutes an "exorbitant misapplication" that does not serve a "legitimate state interest." *Downs*, 657 F.3d at 102 (quoting *Walker*, 131 S. Ct. at 1127); *see Lee*, 534 U.S. at 376 (noting that there are "exceptional cases in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question."). Several considerations are relevant to that determination: (1) whether the alleged procedural violation was actually relied on in the trial court and whether perfect compliance with the rule would have changed the trial court's decision; (2) whether the state case law indicates compliance with the rule was demanded in this case; and (3) whether petitioner "substantially complied" with the rule given the "realities of trial," and whether demanding perfect compliance with the rule would serve a legitimate state governmental interest. *Lee*, 534 U.S. at 387; *Whitley v. Ercole,* 642 F.3d 278, 289-92 (2d Cir. 2011); *Cotto v. Herbert*, 331 F.3d 217, 240 (2d Cir. 2003).

There is nothing in this record to conclude that the Appellate Division's application of the preservation rule was exorbitant. The first *Lee* consideration, "whether perfect compliance" with the preservation rule "would have changed the trial court's decision," is "not very relevant" in cases like this. *Whitley*, 642 F.3d at 289. Given the absence of a preserved argument, "it is impossible to conclusively determine, as the [Supreme] Court did in *Lee*, that perfect compliance with the procedural rule would have had no effect on the outcome below." *Id.; Cotto*, 331 F.3d at 242. Moreover, the Appellate Division's ruling differs from that in *Lee*, "which demanded formally perfect compliance with the state's procedural rule without regard to its underlying objectives[.]" *Downs*, 657 F.3d at 107. Instead, the ruling advanced New York's legitimate interest in ensuring that "'parties draw the trial court's attention to any potential error while there is still an opportunity to address it[.]'" *Whitley*, 642 F.3d at 288 (citations omitted) (quoting *Cotto*, 331 F.3d at 245, and *Garcia*, 188 F.3d at 82); *see also Garvey v. Duncan*, 485 F.3d 709, 720 (2d Cir. 2007) ("[D]emanding compliance with [§ 470.05(2)] serves a legitimate governmental interest in this case, that is to say, the interest in allowing the trial court to have the first opportunity to rule on and possibly rectify any alleged legal error.").

Additionally, New York law courts regularly apply the preservation rule to parties in petitioner's "predicament," *Lee*, 534 U.S. at 382, who want to argue on appeal that the evidence at trial was insufficient to sustain their convictions. *See People v. Hawkins*, 11 N.Y.3d 484, 491 (2008) ("Preservation-or, more precisely, the lack of preservation-frequently accounts for the disposition of criminal cases in this Court. The issue, therefore, again merits some elaboration, not only to explain the result in the appeals before us but also in the interest of encouraging that a proper record be made in the first instance."); *see also People*

9

*v. Carncross*, 14 N.Y.3d 319, 324-25 (2010) ("'where a motion to dismiss for insufficient evidence [is] made, the preservation requirement compels that the argument be specifically directed at the alleged error[.]'") (quoting *People v. Gray*, 86 N.Y.2d 10, 19 (1995), quoting *People v. Cona*, 49 N.Y.2d 26, 33 n. 2 (1979) (alteration in original)); *People v. Hines*, 97 N.Y.2d 56, 61 (2001) ("Because defendant waived review of the mid-trial decision by testifying himself and presenting the testimony of other witnesses this was not an issue of law that could properly be adjudicated in a CPL 330.30 motion. As the trial court lacked jurisdiction to address the sufficiency of the People's case-in-chief in the context of the CPL 330.30 motion, and this issue was the basis for its decision to set aside the guilty verdict, reversal of that decision was warranted. We, therefore, affirm the order of the Appellate Division reversing the trial court's CPL 330.30 determination and reinstating the guilty verdict.") (internal citation omitted); *People v. Heary*, 104 A.D.3d 1208, 1209 (4th Dep't. 2013) (finding that a sufficiency argument was "not preserved for our review inasmuch as defendant did not move for a trial order of dismissal on that ground.") (citation and internal quotation marks omitted).

Finally, although petitioner argues that counsel "substantially complied" with the preservation rule given the "realities of trial," this court disagrees. Reply at 16-17 (citing *Lee*, 534 U.S. at 387 and *Cotto,* 331 F.3d at 240). In support of his argument, petitioner points to a page of the trial transcript containing part of trial counsel's closing argument, in which he stated:

> Something else actually just occurred to us in that there's been absolutely,

10

> absolutely no testimony that the exception did not apply. That exception that Mr. Green possessed this firearm in a place that wasn't his home or place of business. Your Honor, this is an exception that needs to be proven beyond a reasonable doubt, did not apply to Mr. Green. There's been no testimony that this wasn't his home, that this wasn't his place of business, and while it might seem obvious, it can't be ruled out there.

Dkt. No. 1-3, Exhibit A, Trial Tr. at 200-201. As the Appellate Division pointed out, however, trial counsel did not make this argument in his motion to dismiss the indictment after the People rested. *Green*, 82 A.D.3d at 1500. Nor did counsel make this argument after he rested petitioner's case. Dkt. No. 17-19, Trial Transcript, Jun. 24, 2008, at 187-190, 197; CPL §470.05(2). Instead, counsel made the argument in summation, when the trial court's function shifted to that of fact-finder. Trial Tr. at 197-206. The Appellate Division apparently concluded that raising a sufficiency claim in summation, as a reason the trial court should acquit petitioner, was insufficient to preserve it. *Green*, 84 A.D.3d at 1500. This court has found no case - and petitioner has cited none - in which the Appellate Division ruled that a sufficiency argument was preserved for appellate review when it was raised for the first time in summation during a non-jury trial. Based on the record, counsel did not substantially comply with the preservation rule.

In sum, the Appellate Division's "finding of non-preservation fell within the boundaries of the normal application" of New York's preservation rule. *Downs*, 657 F.3d at 107. The Appellate Division's ruling "reinforced valid state interests in this case, and it does not fall within the 'limited category' of 'exceptional cases' contemplated by *Lee*, 534 U.S. at 376." *Downs*, 657 F.3d at 108. Petitioner's sufficiency claim is therefore procedurally barred by an adequate and independent state court ground.

Petitioner's claim may be reviewed only if he shows cause for the procedural default

11

and actual resulting prejudice, or that the denial of habeas relief would result in a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536-39 (2006); *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To establish cause, petitioner must show that some objective external factor impeded his ability to comply with the relevant procedural rule. *Maples v. Thomas*, U.S. , 132 S. Ct. 912, 922 (2012); *Coleman v. Thompson,* 501 U.S. 722, 753 (1991). If a petitioner fails to establish cause, a court need not decide whether he suffered actual prejudice, because federal habeas relief is generally unavailable as to procedurally defaulted claims unless both cause and prejudice are demonstrated. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986) (referring to the "cause-and-prejudice standard"); *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985).

In an apparent attempt to show cause, petitioner argues that appellate counsel was ineffective for failing to alert the Appellate Division that the sufficiency claim was preserved by trial counsel's summation. Pet. at 6. The ineffectiveness of counsel for not raising or preserving a claim in state court will be sufficient to show cause for a procedural default only when counsel was so ineffective that the representation violated the petitioner's Sixth Amendment right to counsel. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Aparicio v. Artuz,* 269 F.3d 78, 91 (2d Cir. 2001). As discussed more fully below, petitioner's appellate counsel claim is without merit, and therefore may not serve as "cause" for a procedural default. *Aparicio*, 269 F.3d at 91-92. Petitioner has failed to demonstrate cause, and the court therefore need not decide whether he suffered actual prejudice. *Murray*, 477 U.S. at 496; *Stepney*, 760 F.2d at 45.

Finally, petitioner has not presented any new evidence that he is actually innocent of the crimes for which he was convicted, or that the failure to review his sufficiency claim would

12

result in a fundamental miscarriage of justice. *House,* 547 U.S. at 536-39; *Schlup,* 513 U.S. at 327. Actual innocence "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). To make a credible claim of actual innocence, a petitioner must present "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" which makes it "more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Doe v. Menefee*, 391 F.3d 147, 161-62 (2d Cir. 2004) (quoting *Schlup,* 513 U.S. at 324, 327 (internal quotation marks omitted).

As the trial court found when it denied petitioner's CPL §330.30 motion, the Wilson affidavit could have been discovered and obtained prior to petitioner's trial. Dkt. No. 17-3, Decision and Order, Herrick, J., Aug. 13, 2008 at 2-3. Moreover, this court cannot conclude that no reasonable juror would have convicted petitioner had the Wilson affidavit been produced at petitioner's trial. As the trial court also found, the affidavit merely contradicts the evidence of petitioner's guilt, including: he was an occupant in a vehicle police initially identified as stolen; the loaded, operable gun was recovered in the vehicle; petitioner was wearing a bullet-proof vest; DNA testing could not exclude petitioner as a contributor of the DNA sample found on the gun;[2] petitioner's statement at arraignment that he "could have made it ugly for you all. [He] could have gone out and started shooting," and petitioner's admission that the gun belonged to him. Dkt. No. 17-19, Trial Tr. at 35-35, 37-38, 40-41, 46-48, 57-58, 68-69, 72, 80, 85-86, 99, 113-14, 117, 135-37, 139-40, 160-63, 174-75, 194-95.[3]

---

[2] The DNA did not "match exactly either [petitioner] or Philip Wilson[.]" Dkt. No. 17-19, Trial Tr. at 161.

[3] It is also worth noting that trial counsel presented evidence that Wilson told Detective Jason Vogel he met the occupants of the car at a party and they gave him a ride, but he did not know them, and Wilson did not react when he was told a gun was recovered from the car near where he was sitting. Dkt. No. 17-19, Trial Tr. at 194-95.

Finally, to the extent petitioner is raising a free-standing claim of actual innocence based on the Wilson affidavit (Ground Four), no relief is due. *See* Pet. at 6; Dkt. No. 1-2, Dec. at 1-7. A claim of "'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993).

For the foregoing reasons, Grounds One and Four of the petition are procedurally defaulted and are dismissed.[4]

### C.     Denial of CPL §330.30 Motion

Petitioner argues in Ground Two of the petition that the trial court erred by refusing to grant him an evidentiary hearing to review new evidence that he discovered after trial. Pet. at 5. Specifically, petitioner argues that the Wilson affidavit exonerates him because in the affidavit, Wilson claimed sole ownership of the gun. Petitioner claims he could not have discovered this information sooner because the affidavit was signed after his trial, and he could not have called Wilson to testify because, at the time of petitioner's trial, Wilson was still under indictment and his case was not yet disposed. *See id.*, Dkt. No. 1-2, Dec. at 1-7; Reply at 21-22. Respondent argues that this claim is not cognizable on federal habeas review. R. Mem. at 13-14. This court agrees.

---

[4] Even if petitioner's sufficiency claim was properly before the court, no relief would issue. Evidence is sufficient to support a conviction whenever, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Parker v. Matthews*, __ U.S. __, 132 S. Ct. 2148, 2152 (2012) (per curiam) (emphasis in original) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). This inquiry "does not focus on whether the trier of fact made the *correct* guilt or innocence determination, but rather whether it made a *rational* decision to convict or acquit." *Herrera,* 506 U.S. at 402 (emphasis in original). Based on this record, the court cannot say that the trier of fact's decision to convict petitioner was irrational, and the verdict is well supported by the record evidence. *See* Dkt. No. 17-19, Trial Transcript.

14

A federal court can grant a writ of habeas corpus only where the petitioner is in state custody in violation of "the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The United States Constitution does not compel states to provide post-conviction proceedings for relief.  *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 402 (2001); *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987).  Therefore, "alleged errors in a post-conviction proceeding are not grounds for § 2254 review."  *Word v. Lord*, 648 F.3d 129, 132 (2d Cir. 2011) (per curiam).  Petitioner's claim is that there was a procedural defect in the conduct of a state post-conviction proceeding, because the trial court failed to hold a hearing, and federal habeas relief is not available for such alleged defects.  *Word,* 648 F.3d at 132; *see Smalls v. Bradt*, No. 1:11-CV-0915, 2012 WL 3722222 at *10 (W.D.N.Y. Aug. 27, 2012) ("Petitioner's claim that the trial court erred in denying his CPL § 330.30 motion without conducting a hearing does not implicate federal law and is not cognizable for habeas review."); *Jones v. Duncan*, 162 F. Supp. 2d 204, 217-18 (S.D.N.Y. 2001) (petitioner's claim that the trial court violated his due process right by denying his Section 330.30 and 440.10 motions without holding a hearing was not cognizable on habeas review).

Accordingly, Ground Two is dismissed.

### D. Ineffective Assistance of Appellate Counsel

Petitioner claims in Ground Three of his petition that appellate counsel was ineffective for failing to: (1) alert the Appellate Division that his sufficiency claim was preserved for review by trial counsel's statement during his summation; and (2) argue that his CPL §330.30 motion was improperly denied without a hearing to develop the record with regard to the Wilson affidavit.  Pet. at 6; Dkt. No. 1-2, Dec. at 6-7; Reply at 6-8.

Petitioner raised these claims in his writ of error coram nobis, and in his application for

leave to appeal the denial of that writ in the New York Court of Appeals. Dkt. No. 17-11, Writ. The Appellate Division rejected them on the merits, and that decision is entitled to AEDPA deference. Dkt. No. 17-12, Decision and Order on Motion; *see Mosby v. Senkowski*, 470 F.3d 515, 519 (2d Cir. 2006) ("Although the Appellate Division's summary rejection of Mosby's coram nobis petition did not mention Mosby's federal claim, it nonetheless constituted an adjudication on the merits.").

The *Strickland* test was originally formulated in the context of evaluating claims of trial counsel's ineffectiveness, but the same test applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285-86 (2000); *Evitts v. Lucey*, 469 U.S. 387, 394 (1985). To establish ineffective assistance of appellate counsel, a petitioner must demonstrate that appellate counsel's performance fell below an objective standard of professional reasonableness, and but for appellate counsel's errors, the results of the proceedings would have been different, *i.e.*, the error caused prejudice to the petitioner. *Smith,* 528 U.S. at 285-286; *Strickland*, 466 U.S. at 688, 694. A petitioner must show more than counsel's failure to raise a non-frivolous argument, because counsel is required to use professional judgment when deciding to concentrate on a few key issues while eliminating weaker arguments, and is not required to advance every argument, regardless of merit, urged by the petitioner. *Evitts*, 469 U.S. at 394; *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983); *Sellan*, 261 F.3d at 317. A reviewing court must determine not whether the state court's rejection of the ineffective assistance of counsel claim was correct, but whether, under *Strickland*, it was "objectively unreasonable." *Mosby*, 470 F.3d at 519. Petitioner's disagreement with the choices counsel made, even if those choices proved unsuccessful, does not render counsel ineffective. *Strickland*, 466 U.S. at 690-91.

Petitioner's first claim, that appellate counsel was ineffective for not presenting evidence on appeal that his sufficiency claim was preserved, warrants no relief. Appellate counsel likely recognized, as noted above, that trial counsel did not properly preserve petitioner's sufficiency claim. Counsel was not ineffective for failing to raise a meritless argument. *See Torres v. McGrath*, 407 F. Supp. 2d 551, 562 (S.D.N.Y. 2006) ("[f]ailure to make a meritless argument does not amount to ineffective assistance.") (internal quotations and citation omitted).[5]

Petitioner's second claim, that appellate counsel failed to argue that the trial court improperly denied his CPL §330.30 motion without a hearing despite petitioner's request that he include this claim, also fails. It bears repeating that counsel is not required to advance every argument urged by the petitioner. *Evitts*, 469 U.S. at 394. Appellate counsel filed a brief in which he advanced the claims he believed had the greatest chance of success. Dkt. No. 17-1, Brief and Appendix at 3-10. "This process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones*, 463 U.S. at 751–52).

In sum, the Appellate Division's rejection of petitioner's appellate counsel effectiveness claims was not objectively unreasonable, nor was it contrary to clearly established Supreme Court precedent. Ground Three of the petition is therefore denied and dismissed.

---

[5] It is worth noting that the Appellate Division has the power to review unpreserved claims in the interest of justice pursuant to CPL §470.15(3)(c). Counsel may have decided to argue petitioner's sufficiency claim, despite the lack of preservation, in the hope that the Appellate Division exercised that power. Appellate counsel is not ineffective simply because the Appellate Division found the claim unpreserved and declined to review it in the interest of justice. *See Anderson v. Keane*, 283 F. Supp. 2d 936, 946 (S.D.N.Y. 2003) (noting that the Appellate Division retains "substantial authority to decide whether review is warranted, based on the entirety of the circumstances.").

## IV. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the petition for a writ of habeas corpus, Dkt. No. 1, is **DENIED** in its entirety and **DISMISSED**; and it is further

**ORDERED** that no certificate of appealability shall issue in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2);[6] and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 31, 2014
      Albany, New York

*Gary L. Sharpe*
Chief Judge
U.S. District Court

---

[6] *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("§ 2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right'"); *Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation") (emphasis in original) (citation omitted)).